UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21949-CIV-ALTONAGA

**THORE HOLM HANSEN**,

    Plaintiff,
v.

**UNITED STATES CUSTOMS &
IMMIGRATION SERVICE**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon a review of the record. On May 25, 2023, *pro se* litigant Thore Holm Hansen filed a document titled, Petition for Writ of Error Coram Nobis to Correct Newly Discovered Evidence of Wrongful Deportation ("Complaint") [ECF No. 1]. After the Court ordered Defendant, United States Customs & Immigration Service ("USCIS") to respond (*see* June 1, 2023 Order [ECF No. 7] 2), USCIS filed a Response to Order to Show Cause ("Motion") [ECF No. 12] on July 14, 2023 requesting dismissal of the Complaint under Federal of Civil Procedure 12(b) (*see* Mot. 11).[1] Plaintiff filed a Reply to the Government[']s Response Instant ("Response") [ECF No. 13], to which USCIS filed a Reply in Support of Response to Order to Show Cause ("Reply") [ECF No. 14]. Plaintiff then filed two additional documents: a Reply to the Government[']s Supplemental Response Instant [ECF No. 17] on August 4, 2023 and a Final Reply to the Government[']s Responses [ECF No. 18] on August 21, 2023.

    The Court has carefully considered the Complaint, the parties' written submissions, and applicable law. For the foregoing reasons, the Complaint is dismissed.

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

As a preliminary matter, the Court construes Plaintiff's filing as a complaint. Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted). While Plaintiff styles his filing as a petition for a writ of *coram nobis* (*see* Compl. 1), such writs are available only in criminal cases, *see United States v. Mills*, 221 F.3d 1201, 1203 n.2 (11th Cir. 2000). Because Plaintiff challenges his deportation proceeding — which was a "purely civil action[,]" *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1038 (1984) (alteration added; citations omitted) — the Court treats Plaintiff's filing as a civil complaint and USCIS's Response to Order to Show Cause as a motion to dismiss, *cf. Hunt v. Paul*, No. 02-cv-00164, 2006 WL 1737170, at *7 (N.D. Fla. June 21, 2006) (construing *pro se* complaint as a petition for a writ of error *coram nobis*); (*see generally* Mot. (referring to Plaintiff's filing as the "Complaint" and seeking dismissal under Federal Rule of Civil Procedure 12(b))).

The Complaint consists of a winding and difficult-to-follow narrative leveraging a score of seemingly irrelevant allegations against various non-party individuals. (*See generally* Compl.). At its core, Plaintiff's Complaint challenges a USCIS February 6, 1979 removal order [ECF No. 1-1] on two grounds: (1) Plaintiff alleges the order was unlawful because he was in fact a U.S. citizen at the time (*see id.* 1–2, 4, 17);[2] and (2) Plaintiff asserts his prior criminal conviction was not a proper basis for removal because the conviction should have been vacated based on exculpatory evidence and the absence of trial minutes and transcripts (*see id.* 12, 15; *see generally* Resp.).[3]

---

[2] Plaintiff later abandoned this claim "based upon the documentation that was provided" by USCIS in its Motion regarding Plaintiff's claim of citizenship. (Reply to the Government[']s Suppl. Resp. Instant 1).

[3] While the Court does not reach the substance of Plaintiff's claims, it notes Plaintiff previously raised the issue of the missing transcripts in his criminal case; and the court denied relief, finding Plaintiff's motion "unsworn, stale, successive, and unviable[.]" *United States v. Hansen*, No. 81-cr-06021, July 19, 2022

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). USCIS argues the Court lacks subject-matter jurisdiction over Plaintiff's challenge to his removal order because Plaintiff has not established a waiver of sovereign immunity, his claim is barred by the REAL ID Act, and the Court lacks jurisdiction under either the Administrative Procedure Act ("APA") or the Declaratory Judgment Act. (*See generally* Mot.). The Court agrees.

The REAL ID Act amended section 242 of the Immigration and Nationality Act ("INA") to state that "the sole and exclusive means for judicial review of an order of removal" is through "a petition for review filed with an appropriate court of appeals[.]"  8 U.S.C. § 1252(a)(5) (alteration added); *see also Singh v. United States Citizenship & Immigr. Servs.*, 878 F.3d 441, 446 (2d Cir. 2017) ("Congress's intent in enacting the REAL ID Act provisions at issue was to streamline judicial scrutiny of removal orders by consolidating those proceedings in one forum and to eliminate the possibility of piecemeal challenges." (citation omitted)). This is a district court, not a court of appeals, and therefore an improper forum for Plaintiff's claims.

Moreover, even if the Court construes Plaintiff's allegations as asserting claims under the APA or the Declaratory Judgment Act, such claims are clearly "precluded by the jurisdiction-stripping provisions of the [INA]." *Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 699 (11th Cir. 2011) (alteration added). That is, because section 1252 bars review of orders of removal in a district court, neither statute provides an independent basis of jurisdiction. *See id.* at 700. And without a clear statutory grant showing a waiver of sovereign immunity, the Court lacks jurisdiction to consider Plaintiff's claims. *See United States v. Navajo Nation*, 537 U.S. 488, 502

---

Order [ECF No. 137] (S.D. Fla. 2022) (alteration added).

CASE NO. 23-21949-CIV-ALTONAGA

(2003) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." (citation and quotation marks omitted)).

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Petition for Writ of Error Coram Nobis to Correct Newly Discovered Evidence of Wrongful Deportation **[ECF No. 1]** is **DISMISSED without prejudice**, and the Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 7th day of September, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: Thore Holm Hansen, *pro se*
counsel of record